UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUPREE, | ) |
| Plaintiff, | ) ) ) ) Case No. _____ |
| v. | ) ) ) JURY TRIAL DEMANDED |
| NEOS THERAPEUTICS, INC., GERALD MCLAUGHLIN, BRYANT FONG, BETH HECHT, ALAN HELLER, JAMES ROBINSON, GREG ROBITAILLE, JOHN SCHMID, LINDA M. SZYPER, AYTU BIOSCIENCE, INC., and NEUTRON ACQUISITION SUB, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 10, 2020 (the "Proposed Transaction"), pursuant to which Neos Therapeutics, Inc. ("Neos Therapeutics" or the "Company") will be acquired by Aytu BioScience, Inc. ("Parent") and Neutron Acquisition Sub, Inc. ("Merger Sub," and together with Parent, "Aytu").

2. On December 10, 2020, Neos Therapeutics' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Aytu.  Pursuant to the terms of the Merger Agreement, Neos Therapeutics' stockholders will receive 0.1088 shares of Parent common stock for each share of Neos Therapeutics common stock they own.

3. On January 27, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Neos Therapeutics common stock.

9. Defendant Neos Therapeutics is a Delaware corporation and a party to the Merger Agreement. Neos Therapeutics' common stock is traded on the NASDAQ under the ticker symbol "NEOS."

10. Defendant Gerald McLaughlin is President, Chief Executive Officer, and a director of the Company.

11. Defendant Bryant Fong is a director of the Company.

12. Defendant Beth Hecht is a director of the Company.

13. Defendant Alan Heller is a director of the Company.

14. Defendant James Robinson is a director of the Company.

15. Defendant Greg Robitaille is a director of the Company.

16. Defendant John Schmid is a director of the Company.

17. Defendant Linda M. Szyper is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. Neos Therapeutics is a commercial-stage pharmaceutical company developing and manufacturing central nervous system-focused products.

22. The Company markets Adzenys XR-ODT® (amphetamine) extended-release orally disintegrating tablets, Cotempla XR-ODT® (methylphenidate) extended-release orally disintegrating tablets, and Adzenys-ER® (amphetamine) extended-release oral suspension, all for the treatment of ADHD.

23. The Company also has a development candidate, NT0502, for the treatment of sialorrhea in patients with neurological conditions.

24. On December 10, 2020, Neos Therapeutics' Board caused the Company to enter into the Merger Agreement with Aytu.

25. Pursuant to the terms of the Merger Agreement, Neos Therapeutics' stockholders will receive 0.1088 shares of Parent common stock for each share of Neos Therapeutics common stock they own.

26. According to the press release announcing the Proposed Transaction:

> Aytu BioScience, Inc. (NASDAQ: AYTU), a specialty pharmaceutical company focused on commercializing novel products that address significant patient needs, and Neos Therapeutics, Inc. (NASDAQ: NEOS), a commercial-stage pharmaceutical company developing and manufacturing central nervous system-focused products, today announced that they have entered into a definitive merger agreement pursuant to which Neos will merge with a wholly owned subsidiary of Aytu in an all-stock transaction.
>
> Transaction Details
>
> Upon the effectiveness of the merger (the "Merger"), Neos stockholders will be entitled to receive 0.1088 shares of common stock of Aytu for each share of Neos common stock held, after taking into account the one-for-ten reverse split of Aytu's common stock that was effected on December 8, 2020. The transaction will result in Neos stockholders owning approximately 30% of the fully diluted common shares of Aytu. The all-stock transaction is valued, on a fully diluted basis, at approximately $44.9 million based on the 10-day volume weighted average price of Aytu stock for the period ended December 9, 2020.
>
> The boards of directors of both companies have approved the transaction. . . .
>
> Cowen is acting as the exclusive financial advisor to Aytu, and Dorsey & Whitney LLP is acting as its legal counsel. MTS Health Partners LP is acting as the exclusive financial advisor to Neos, and Goodwin Procter LLP is acting as its legal counsel.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

27. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Registration Statement omits material information.

29. First, the Registration Statement omits the Company's and Aytu's financial projections.

30. The Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBIT; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, MTS Health Partners LP ("MTS").

33. With respect to MTS's Discounted Cash Flow Analysis – Neos, the Registration Statement fails to disclose: (i) the terminal values of the Company; (ii) MTS's basis for applying multiples ranging from 1.0x to 2.0x; (iii) the individual inputs and assumptions underlying the discount rates used in the analysis; and (iv) Neos Therapeutics' current capitalization as used in the analysis.

34. With respect to MTS's Discounted Cash Flow Analysis – Aytu, the Registration Statement fails to disclose: (i) the terminal values of Aytu; (ii) MTS's basis for applying multiples ranging from 2.0x to 2.7x; (iii) the individual inputs and assumptions underlying the discount rates used in the analysis; and (iv) Aytu's current capitalization as used in the analysis.

35. With respect to MTS's Pro Forma Combination Analysis, the Registration Statement fails to disclose: (i) MTS's basis for applying multiples ranging from 1.4x to 2.3x; and (ii) the individual inputs and assumptions underlying the discount rates used in the analysis.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. Third, the Registration Statement fails to disclose the circumstances under which "a portion of MTS Securities' fee may be paid in the form of Aytu common stock," and whether defendants intend to pay a portion of MTS's fee as such.

38. The omission of the above-referenced material information renders the Registration Statement false and misleading.

39. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Neos Therapeutics

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Neos Therapeutics is liable as the issuer of these statements.

42. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants

were aware of this information and their duty to disclose this information in the Registration Statement.

43. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

44. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

45. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Aytu

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants and Aytu acted as controlling persons of Neos Therapeutics within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Neos Therapeutics and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did

influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants and Aytu was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

52. Aytu also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

53. By virtue of the foregoing, the Individual Defendants and Aytu violated Section 20(a) of the 1934 Act.

54. As set forth above, the Individual Defendants and Aytu had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 29, 2021                **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*